Last case is United States v. Campbell, case 19-3019. And I refer to Mr. Brown as Mr. Williams, excuse me. Will you forgive me Mr. Brown? Haven't you used Williams as an alias before? I have included the court asking you to do that. Would it be innocent conduct if it was? By the way, you look particularly suspicious today. Good morning, Your Honors. I'm Tim Kingston. I'm here on behalf of the appellate in this case, Mr. Campbell, and please the court and counsel. Unless the court has some specific questions about the issue of the amount of time that the district court sentenced the appellant to post-incarceration supervised release, I won't further address the issue in that the United States appears to have conceded the issue and conceded that the lower court made an error of law. Is that correct, Mr. Brown? Is that correct? I don't think I've conceded any. Yes, so I guess that's a reversal of its face. I would submit so, Your Honor. All right. Why don't you address the other issues? I guess with one caveat, which is what does the court do about it? In other words, does the court, as I put it in the brief, correct the supervised release sentence to 20 months, which would be the statutory reverse in remand? Yes, I would say that that would be what would be necessary under the circumstances. We'll hear from Mr. Brown on that as well. Yes, thank you, Your Honor. As to the appeal waiver issue, which the United States relies on, Your Honors, I would submit that the appeal waiver does not apply to any of the issues that are before this court in this appeal. First of all, again, the United States agrees that it does not apply to the basic issue of whether the district court committed error in revoking the appellant's supervised release and sentencing to a period of incarceration in the case. So that issue is not subject to the appeal waiver. As to the 16-month incarceration sentence, which we've already discussed a little bit, that's obviously not subject to the appeal waiver either. It's an error of law. It's a quote, unquote, if you want to use the word, illegal sentence by the district court. And an illegal sentence cannot be subject to an appeal waiver. Finally, Your Honors, as to the issue of the sentence, the incarceration sentence, I would also submit that that's not subject to the appeal waiver. As I've set forth in the briefs in the case, when the appellant was originally sentenced on his original underlying crime, the district court there entered into a colloquy with the then-defendant describing the appeal waiver and going into it and what it meant. And specifically, the court said, if I sentence you above the guideline level, then, of course, the appeal waiver would not apply to that. And so I believe that that same colloquy, what was set forth there, was the basis that the appellant entered into the appeal waiver with that express understanding in mind. And that carries forward to the instant matter, the instant case. And therefore, the appeal waiver and the appellant's position would not apply to the court's sentence of 16 months of incarceration for the violation of the terms of a supervised release. Turning then to the issue, the issues on appeal from there, Your Honors, it is correct that the appellant is making a procedural error argument in this case. And specifically, that is that when the court revoked the appellant's supervised release, it was required to apply what its findings were to the specific criteria set forth in 18 U.S.C. 3553A, which are well known to this court, which apply in regular sentencing matters, sentencing in an underlying case where the person is being sentenced after a conviction, after a guilty plea or a conviction at trial. And we submit that in this case, the court, I will not deny, went on at great length about its impression of the appellant, its impression of the defendant, its understanding of what it felt the reasons were, the problems it found with the appellant and how he had conducted himself while on supervised release. You can tell that the court was troubled by what it saw, that the appellant had engaged in or had committed some 16 out of 18 violations and had admitted to those. And so the court does spend a lot of time talking about those issues and its concerns about those issues. And certainly the appellant does not deny that and can't deny it. However, the court, I believe in the cases that this court is well aware of, says that the court has to, the sentencing court has to apply, I'll call them its findings with regard to those matters, to the specific criteria set forth in the statute 3553A. And it did not in this case. As set forth in the brief, the court made almost no reference at all to section 3553A when it sentenced the appellant. It's just simply not there in the record. And that fact in and of itself deprives this court of an adequate ability to consider on appellate review the district court's decision with regard to the revocation itself. In addition, as I've also argued in the briefs, that this court in several cases has held that a revocation matter, that the court has to consider the Chapter 7 of the sentencing guidelines, the policy prescriptions that are set forth in Chapter 7 of the guidelines. And just as for its failure to consider section 3553A, its cursory reference to Chapter 7 of the guidelines is simply not sufficient for this court on appellate review to adequately consider the court's revocation decision. Now, I will, as I set forth in the brief in several places, Chapter 7 in a way is not particularly helpful to either a district court's analysis of the question and perhaps this court's consideration of the issue on appellate review. But regardless of that, as set forth in, I want to cite the Cordova and Contreras-Martinez cases, 10th Circuit cases, nevertheless, the court is required on, when it sentences, when it finds a, revokes a person's supervised release, it has to make reference to, has to apply the factors that are set forth in Chapter 7 of the sentencing guidelines. Again, it did not do so in this case, and therefore that renders the court's revocation decision itself, it should be overturned. But as to both issues, substantive issues, we apply a plain error standard, right? With regard to the substantive question or with regard to this question, Your Honor? Well, separate, man. Answer it as to both. Answer it as to both. Yes. Well, I'm not standing here making a substantive error argument, Your Honor. Rather, I'm making a procedural error argument. I understand what the United States is arguing. I still believe that abuse of discretion. But, no, my question is what standard? Is it plain error, standard we apply? I would submit that it's an abuse of discretion standard as set forth. No, no, the abuse of discretion is in the district court. When you come up here, if you did not, if it, not you, but if an objection was not made, then we review it for plain error. I understand that. And isn't this a plain error case? I guess I don't want to concede that, but I'll address it in terms of plain error, if you like, Your Honor. Well, was it raisable? Well, no. It was not raisable. All right, so. All right. Does that apply to both? That applies to the entirety of the case, then? It's a plain error case? Yes, Your Honor. I'll go there with the court. Okay. So why don't you then address substantial rights, the third prong of plain error? I do believe it affects the substantial rights of the appellant with regard to this matter. We don't know on review, we don't have an adequate basis on review to determine whether the district court got it right when it both revoked the appellant's supervisory release and when it sentenced him to 16 months of incarceration. Well, you know, I read the transcript, and it looked like the district court dug its heels in pretty well and that there was no way in the world this gentleman was either going to prevail on the revocation issue or on the length of sentence issue. I would agree with that. It's a tough case for the appellant, Your Honor. As I said a moment ago when I started out, you can tell that the district court judge was pretty unhappy with the person standing in front of him. Found a couple of good factors in his favor, but a bunch of factors against him. But, again, I know I'm repeating myself, and I apologize for that. In the posture that the case is before this court, it does substantially affect the appellant's rights when this court is deprived of an adequate ability to review the district court's decision. The term I used in the brief was I don't think it's this court's position or should be this court's position to shoehorn, so to speak, the rumination, so to speak, of the district court judge engaged in when he sentenced the appellant, when he revoked the appellant's supervised release, and then look to the factors that are set forth in 3553A or the factors that are set forth in Chapter 7 of the sentencing guidelines and say, okay, we can match up on review some statement the district court might have made with some factor that is set forth in that statute and in the guidelines. I don't think that's an appropriate course of review in a case such as this. But, as I said, Your Honor, I don't want to avoid the question of plain error versus abusive discretion. All right. I guess the final issue I want to get into is to the sentence, the 16-month sentence. As I pointed out in the brief, I do find it difficult to analyze the question of the sentence because as compared to a sentencing in when a person is initially sentenced for a conviction for a crime where first you have a conviction and then you have the application of sentencing factors, here the two, the revocation decision and the sentencing decision kind of collapse together into one analysis. And I think that does make the analysis difficult, as I said, both for a district court and for this court on review. Do you agree that the sentencing issue correspondingly is also reviewed by this court under a plain error standard? I will concede that, Your Honor. All right. Thank you. So we're left in the same place with regard to the sentence, the 16-month sentence, Your Honors, where we don't, again, yes, the court said a lot of things at sentencing, expressed its displeasure with how the appellant had done on supervised release. But, again, without adequately showing or stating on the record, as is required to do in open court, how those problems corresponded to the statute 3553A or the requirements of Chapter 7 of the Sentencing Guidelines. It's true, isn't it, that this, I hate to be too colloquial, but this was not the defendant's first rodeo on revocation, right? That's correct. And the first revocation proceeding was in front of the same judge? I believe that's correct, yes, Your Honor. And doesn't that factor in to our plain error analysis of whether or not there's going to be any different result? Because this is the second time or third time? I want to say second. Okay. Well, there was a prior hearing where the judge cut him some slack, so to speak. So we'll tighten up a little bit. We'll say two and a half revocation proceedings, right? All right. So doesn't that suggest that there's not going to be any different result if there were a remand? Well, that's one I will not concede, Your Honor. I understand the point. The appellant's going to have an uphill battle. The appellant has been in prison for quite a chunk of time now. Probably that 16-month sentence may be almost done by the time this court rules on the case. January. Yeah, so pretty soon. So under those circumstances, the court, I don't know what's going to be the situation then, but I think the court should require the district court to give the appellant another bite at the apple, so to speak. I'll reserve my last minute, Your Honors. Thank you. Reserved. Good morning. James Brown for the United States. Your Honors, I will start with an overview of Issues 1 and 3 that should resolve this case and that is that as to Issues 1 and 3, Plain Air Review applies, defendant has never argued until today that the substantial rights prong was met or satisfied. Under that prong, he has to show reasonable probability that the result of the proceeding would have been different had the court been asked to explain its rationale and reasoning for the replication and the sentence, and he's never argued that before today. So this court can resolve Issues 1 and 2 on the third prong of Plain Air Analysis alone. Further, with respect to Issue 3, he doesn't even argue for Plain Air or its application on appeal. He doesn't argue for that in his opening brief. He doesn't argue that in his reply brief. So he's waived Plain Air Review under this court's precedence. He can't just argue for Plain Air Review at the oral argument without raising these issues before. So that's how we resolve the case. Now I'd like to get into the discrete issues. The first issue will be the 16-month revocation sentence. This, we think, is barred by the appeal waiver. The appeal waiver is very clear. The defendant waived, quote, the right to appeal, quote, any sentence imposed upon a revocation of supervised release. This is a sentence imposed upon a revocation of supervised release. His waiver applies. The defendant says that his- Mr. Brown, this is more out of curiosity. Is your boilerplate waiver of appellate review, does it always extend not only for the initial sentence but a sentence upon revocation if that should ever happen? It's been like that for a few years now. Really? And we've had it upheld in this court. Well, I'm not questioning. I just wonder if it was a boilerplate or a matter of traditional practice. That's correct. All right. Thank you. And on the-well, we're on it, on these peripheral matters. On the 24-month sentence, what is your view how we deal with that? We think the court should just make-order the court to make a ministerial change to the judgment so it conforms to the statutory maximum of 20 months. We don't ask for remand. So you're asking us to reverse and make the mandate ourselves? Correct. All right. So going back to Issue 1, we do think the appellate waiver applies. The defendant does argue for the first time in his reply brief that it does not because the sentence is above guidelines and because at the initial plea colloquy, the district court says you have the right to appeal an above guidelines sentence. And he says that because the court imposed an above guidelines sentence here, that makes the sentence fall outside of the scope of the appeal waiver. Our answer to that is that this is not an above guidelines sentence. It's an above policy statement sentence. The guidelines and policy statements are different. There are two different species in the guidelines that was talked about at the sentencing hearing. It is not an above guidelines sentence. That's why we just go back to the language of the appeal waiver. He waived the right to appeal any sentence imposed on supervisor lease. That disposes of Issue 1 in our view. Even if we get to whether the 16-month sentence is affirmable, we think it is affirmable. We disagree that the district court erred. Now, the district court did not explicitly mention 3553A when it imposed the sentence. However, it did reference 3553A factors, namely the defendant's history and characteristics under 3553A, but not specifically mentioning 3553A when it gave its explanation for the sentence. The court said on pages 53 and 54, using this court's pagination of the hearing, here was the court's explanation of the 16-month sentence. I have 16 grade C violations after two significant attempts by the court to work with you, Mr. Campbell, on the basis of other than reincarceration, so those are the factors by which I'm going above the policy recommendations. Is that a departure if it were a guideline? It's an above policy statement, but it's not a departure because departures only apply to guideline sentences. No, I'm saying if it was a guideline sentence, would that be deemed a departure? It would probably be deemed a variance and not a departure. Let me ask you this. Do you think that's a very clear issue that if it were an original sentence, it would be a variance rather than a departure? We think it is clear in this case because a variance only requires a reference to the 3553A factors or some basis in those factors. A departure requires four separate steps, which the court didn't even take here, so it's got to be a variance. Let me ask you this. The appeal waiver is inapplicable, however, to departures. Correct? From the guidelines. Is that right? Correct. All right. Is it also inapplicable to variances? Yes. So don't you think that's kind of a close question of whether it applies, and that is if this is a variance, how can the appeal waiver apply to it? Because it's not a guideline sentence. Our appeal waiver talks about a sentence imposed above the guidelines range, and this doesn't have anything to do with the guidelines range. It's a policy statement. So, in other words, the appeal waiver doesn't address a sentence that is not a guideline sentence. Correct. So then it's not an appeal waiver. Well, there's an appeal waiver because it says he weighs the right to appeal any sentence imposed upon a revocation of supervisor lease. So that's the most specific part of the appeal waiver that applies to a sentence imposed upon supervisor lease. It's clear as day. It could not be more clear. I don't know how we could draft language that's any clearer than that. Well, then I'm in a fog. Excuse me? Never mind. So I'll move on to that. So we do have a reason set forth in the record for the 16-month sentence. It's based on his 16 admitted to violations. Those violations relate directly to 3553A, history and characteristics, and also the fact that the court referenced the two prior interventions by the court to keep the defendant out of prison. That didn't work, so I'm giving you a 16-month sentence. That's what the district court said. Our view is that's adequate because that basically says I'm imposing the sentence based upon your history and characteristics. So number three, he doesn't argue substantial rights. Again, issue one, no argument on substantial rights. Therefore, we win. Number four, he doesn't argue miscarriage of justice with respect to the sentence. He says that it would be a miscarriage of justice to apply the appeal waiver, but as to the substantive reasonableness of the sentence, he doesn't argue miscarriage of justice under the fourth prong. We think there cannot be a miscarriage of justice, and here's why. Because the court imposed a 16-month sentence, and he does not contest the substantive reasonableness of that sentence. So how can there be a miscarriage of justice when the court gave a sentence whose reasonableness he does not contest? That's our view of that. Keeping in mind that he has the burden to sustain every prong of plenary review and to argue every prong of plenary review, he's not done so. Therefore, he loses on issue one. He doesn't argue prongs three or four in plenary review for issue one. Moving to issue three, if I may. That's the district court's decision to revoke the supervised release. We'd like to point out, just to give the court the flavor of the proceedings, the defendant did state, his counsel did state on page 39 of the transcript going by this court's pagination, that there are some compelling reasons to violate him and punish him. So the defendant admitted at the hearing that there are compelling reasons to violate him and punish him. He also said there are compelling reasons not to violate him and punish him. But the court found that there were compelling reasons. There were 16 compelling reasons. All of his 16 admitted to violations. Now, again, defendant makes an argument that we have procedural error, failure to explain the sentence. The court explained the sentence by referencing defendant's history and characteristics all throughout the proceeding. The court said, we worked with you, we tried this. Defendant said, I've been employed, I've done this right, I've done this right. The court said, well, I recognize that, but you didn't do this right, you didn't do this right, you didn't do this right. I've already done two interventions, and we have 16 violations. The court said, I'm revoking you because you have 16 violations. That's all that's needed to foreclose a claim of error. The court referenced defendant's history and characteristics in deciding to revoke defendant's supervised release. So there wasn't any error. The error was not plain because there wasn't any error. And again, defendant doesn't argue that if the district court had provided more of an explanation or a more detailed explanation, the result would have been different. Defendant, not us, has the responsibility and the burden to show a reasonable probability that the sentence would have been different had the district court given an adequate or a more adequate explanation. He makes no such effort, has never made any effort, even at oral argument today. So we win on Issue 3 with respect to Issue 2. Refresh my memory. What's the range on the sentence? The range was 8 to 14. 8 to 14. Right. And he got 16. After the court said, this is why I'm going to 16, because of your 16 violations. So going back to Issue 3, we don't see any grounds for violation of substantial rights. Also, we don't think there's a miscarriage of justice because the defendant actually told the court, you have, there are some compelling reasons to violate him and punish him. So how can there be a miscarriage of justice when defendant himself told the district court, there are some compelling reasons to violate him in punishment? We don't think there can be any miscarriage of justice in those circumstances. So I've got four minutes left, and I'm going to yield the remainder of that time unless the court has any further questions. Do you know when his release date is? I thought it was in January. I think it is in January. All right. So if we were to rule in his favor, we need to do so fast, at least to get it down to the sentencing range. Is that right? Correct. Two months. Okay. Thank you. Counsel, you had a minute to go. First of all, I believe that the appellant has argued the plain error issues that counsel was referencing a moment ago. I specifically point to pages 6 and 7 and subsequent pages of the appellant's reply brief. The government also argues that this isn't a guideline sentence. Well, if you look at Chapter 7 of the guidelines, it sets forth in one section, I forget the exact. Well, counsel says it's a policy statement, not the guideline. I agree with that. That's the label that's been placed on it. But in Section 7, there is this explicit table, just as there is in the prior sentencing guidelines, that sets forth, as Judge Murphy said a moment ago, a range. And it has the same criminal history analysis as it applies to the specific situation. So whether they're part of the guidelines, whether you want to give them that label or not, I don't think is possible. And if I were to go to my library and want to find out anything about guidelines, I would pull out the book that says guidelines, right? Right. And in that guidelines book, it has the policy recommendations. Correct. So it's in the guidelines book, even though it's claimed not to be a piece of the guidelines. I didn't hear the line. It's in the guidelines book? It's in the guidelines book, but it's claimed not to be a piece of the guidelines. That appears to be the government's argument. All right. Thank you. Thank you, counsel. Well, the case is submitted.